UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY ALLEN MYERS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE 1, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C20-44 RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Washington State Penitentiary at Walla Walla, filed a *pro se* § 1983 civil rights complaint against (1) a "John Doe" "King County Superior Court Justice," (2) Deputy Prosecuting Attorney Kyle Houston, (3) "John Doe" "Court Reporter Bailbonds Officer," (4) Deputy Prosecuting Attorney Christopher Fyall, and (5) Leo Jung, King County Tort Claims Investigator. Dkt. 5. As relief, plaintiff seeks monetary damages.

The Court screens complaints filed by plaintiffs who are prisoners. *See* 28 U.S.C. § 1915A (a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 1

The complaint alleges in Count I defendants "#1-3" violated plaintiff's "bail contract # 181047508." Plaintiff avers on August 11, 2018, he was arrested and a judge told him to return to court in two weeks. Plaintiff was arrested on August 20, 2018 for failing to appear in case number 181047508; plaintiff argued to the Court on August 27, 2018, he was in compliance with his original bail contract but the Court imposed new bail with "harsher stipulations." Plaintiff thus sues a judge, a prosecutor and a court reporter, for their roles at a court hearing in which plaintiff was remanded into custody and bail conditions were increased.

However, plaintiff is barred from bringing a § 1983 claim for damages against the John Doe King County Judge because monetary damages against judges are barred by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *Accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Here, the complaint alleges an unknown Judge remanded plaintiff to custody even though plaintiff argued to the Judge that he was in compliance with the bond issued # 181047508" and imposed new bail conditions. A judge's decision to revoke bail, deny or alter bail conditions, issue arrest warrants and remand a person charged with a crime are judicial acts taken within the judge's jurisdiction. The John Doe Judge is accordingly immune from suit.

Similarly, plaintiff's claim against prosecuting attorney Houston should be dismissed because prosecutors are also absolutely immune from liability under § 1983 for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005). Here, plaintiff presents no facts regarding what acts defendant Houston committed but ostensibly complains about the prosecutor's actions at the court hearing in which the John Doe Judge remanded

REPORT AND RECOMMENDATION - 2

plaintiff into custody and increased plaintiff's bail conditions. As a prosecutor's conduct in a court hearing is intimately associated with the judicial phase of the criminal process, defendant Houston is immune and the claim against him should be dismissed with prejudice.

The unknown Court reporter does not enjoy immunity. However, the complaint lacks any facts establishing this defendant violated plaintiff's rights. Plaintiff was remanded into custody and his bail was increased by order of the judge who presided over the hearing plaintiff complains about. Because the court reporter did not proximately cause the adverse actions complained of the claim against this individual should be dismissed.

Turning to Count II, plaintiff alleges he was denied "resolution of the tort claim he filed with defendant Leo Jung. Plaintiff claims in the spring of 2019 he filed a tort claim with the County for wrongful incarceration, was assigned a claim number but "received no answer to this tort." This allegation does not state a claim for relief. A federal civil rights claim requires plaintiff to show that a state actor violated plaintiff's federal constitutional or statutory rights. Count II does not assert a violation of a federal right. Instead it alleges defendant Jung did not respond to the state tort claim plaintiff filed. In Washington State, a plaintiff must file a tort claim with the defendant local government 60 days before filing a lawsuit. *See* RCW 4.96.020. Once the tort claim is properly presented to a defendant local government, and 60 days have elapsed, a plaintiff can commence a lawsuit, whether the local government responds or not. Accordingly, as defendant Jung's failure to respond to state tort claim is not a federal violation,[1] it should be dismissed with prejudice.

/

---

[1] *See Cornejo v. County of San Diego*, 504 F.3d 853, 855 n. 3 (9th Cir.2007) ("We note that a claim for violation of state law is not cognizable under § 1983.").

REPORT AND RECOMMENDATION - 3

And finally, in Count III, plaintiff alleges his due process rights were violated by "misconduct, mismanagement, and possible malicious prosecution." Plaintiff alleges Deputy Prosecuting Attorney Fyall knowingly tracked the charges contained in case number 181047508 with another criminal charge; that this "negligence caused the violation of [plaintiff's] bail contract" in case number 181047508, and that plaintiff's other criminal trial was prejudiced by tracking it along with the charges in 181047508.

Defendant Fyall is immune for the criminal charging decisions complained of. *See, e.g., Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 782 (9th Cir. 2001) ("A prosecutor's activities in connection with the preparation and filing of charging documents . . . are protected by prosecutorial immunity.") (citation omitted). Thus defendant Fyall is absolutely immune from suit in this instance, whatever his motives and whatever the overall effect of his conduct. *See Broam v. Bogan,* 320 F.2d 1023 1029 (9th Cir. 2003) ("If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights.") (citation omitted).

Additionally, to the extent plaintiff contends the prosecutor's decision to track case number 181047508 prejudiced his trial, and led to his conviction and current prison sentence, the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

/

/

REPORT AND RECOMMENDATION - 4

In conclusion the complaint is fatally deficient and the deficiencies cannot be remedied by further amendment. As further amendment would be futile, the Court recommends the complaint be dismissed with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **January 28, 2020.** The Clerk should note the matter for **January 31, 2018**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge