UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY ALLEN MYERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE 1, et al.,<br><br>　　　　Defendants. | CASE NO. C20-44 RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter is before the Court on United States Magistrate Judge Brian A. Tsuchida's Report and Recommendation ("R&R"). Dkt. #6. Judge Tsuchida recommends that the Court dismiss Plaintiff's action. Plaintiff has filed objections to the R&R. Dkt. #7; Dkt. #8.[1] Having reviewed the record de novo, the Court adopts the R&R.

Plaintiff, who is incarcerated in a Washington State prison, filed this action seeking monetary damages, pursuant to 42 U.S.C. § 1983, for his allegedly wrongful arrest and

---

[1] The Court notes that Plaintiff's objections appear to have been docketed twice. The Court is not able to discern any difference between the filings. *Compare* Dkt. #7 *with* Dkt. #8. The dual recording also appears to have confused Plaintiff, prompting him to write a March 30, 2020 letter:

> I'm writing to find the status of my case. I filed on 1-23-2020 an objections motion. It is listed as Document #7. It was noted for 2-7-2020. I received notice of a SUPPLEMENTAL Objections listed as Document #8. I don't know what [8] is in reference to, and have received only the NEF. Could you let me know the status of my claim please?

Dkt. #9. The Court trusts that this clarification and this Order resolve Plaintiff's inquiry.

ORDER – 1

incarceration during state court criminal proceedings. Dkt. #5. Plaintiff alleges that despite being present in court for a required pre-trial hearing, a warrant was erroneously issued on the basis that he had failed to appear. *Id.* at 5–6; Dkt. #7 at 1–2. Plaintiff was later arrested and held on the warrant and the Court imposed additional conditions on his later release as a result. Feeling aggrieved, Plaintiff filed a claim with King County—the entity that issued the warrant and held him—but does not believe he has received an adequate response. Dkt. #5 at 7–8.

From these circumstances, Plaintiff asserts three § 1983 claims for monetary damages. First, Plaintiff alleges that he was denied due process when the prosecutor, the judge, and the court reporter/bail bonds officer negligently allowed a warrant to be issued despite his appearance. Dkt. #5 at 5–6. Second, Plaintiff alleges that a King County Risk Management employee failed to adequately investigate or respond to his claim for damages. *Id.* at 7–8. Third, Plaintiff asserts claims against a different prosecutor for his actions at an in-court hearing following Plaintiff's arrest on the allegedly invalid warrant. *Id.* at 8–9.

Judge Tsuchida screened Plaintiff's Complaint, as required by law. *See* 28 U.S.C. § 1915A(b) (requiring dismissal of a prisoner's civil rights complaint or a portion of a complaint if it is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief"). Upon review, Judge Tsuchida concluded that Plaintiff could not pursue his first claim against the unidentified judge because the judge enjoyed judicial immunity. Dkt. #6 at 2 (citing *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *Accord Schucker v. Rockwood*, 847 F.2d 1202, 1204 (9th Cir. 1988) (per curiam)). Similarly, Judge Tsuchida noted that the prosecutor enjoyed immunity under § 1983 for conduct before the court. Dkt. #6 at 2–3 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005)). Lastly, as to the unidentified court reporter/bail

ORDER – 2

bonds officer, Judge Tsuchida noted that Plaintiff had failed to allege facts establishing a violation of his constitutional rights. Dkt. #6 at 3.

As to Plaintiff's second and third claims, Judge Tsuchida likewise found dismissal appropriate. Judge Tsuchida noted that Plaintiff did not have a constitutional right to a response to his tort claim and that his claim therefore was not cognizable. *Id.* Finally, Judge Tsuchida noted that Plaintiff's claims against a different prosecutor likewise failed because of that defendant's immunity:

> Defendant Fyall is immune for the criminal charging decisions complained of. *See, e.g., Radcliffe v. Rainbow Construction Co.*, 254 F.3d 772, 782 (9th Cir. 2001) ("A prosecutor's activities in connection with the preparation and filing of charging documents . . . are protected by prosecutorial immunity.") (citation omitted). Thus defendant Fyall is absolutely immune from suit in this instance, whatever his motives and whatever the overall effect of his conduct. *See Broam v. Bogan,* 320 F.2d 1023, 1029 (9th Cir. 2003) ("If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights.") (citation omitted).

Dkt. #6 at 4.

Plaintiff's objections do nothing to change Judge Tsuchida's analysis. Plaintiff concedes that dismissal of his first claim against the unidentified King County Judge is proper. Dkt. #7 at 2. As to the prosecutor in claim one, Plaintiff maintains merely that he should have a claim, but does nothing to address the clear authority to the contrary. *Id.* at 3. As to Plaintiff's claims against the court reporter/bail bonds officer, Plaintiff clarifies[2] that he claims the individual violated his due process rights by negligently failing to note Plaintiff's presence and negligently providing the judge a warrant indicating Plaintiff had failed to appear. *Id.* at 2 (indicating "the courtroom reporter/bail bonds officer negligently marked the section that I did not appear,"

---

[2] The R&R appears premised on an understanding that Plaintiff had been remanded into custody as opposed to having a warrant issued for a failure to appear.

ORDER – 3

resulting in a warrant being issued). But this clarification fares no better. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in original).

Plaintiffs remaining objections are also unavailing. Plaintiff concedes that dismissal of his second claim against the risk manager employee is appropriate. Dkt. #7 at 3. Plaintiff indicates that his primary complaint stems from the failure of the prosecutor to address the propriety of the warrant at Plaintiff's first appearance after his warrant arrest. But, Plaintiff does not address the clear authority provided in the R&R that establishes that prosecutors enjoy immunity for both actions in the judicial process and for "activities in connection with the preparation and filing of charging documents." Dkt. #6 at 4 (citations omitted).

Plaintiff's Complaint seeks money damages from defendants who enjoy immunity and fails to adequately establish a violation of his constitutional rights sufficient to support a claim under 42 U.S.C. § 1983. While Plaintiff lacks appropriate claims before this Court, he may be able to pursue state law tort claims in the appropriate forum and through the appropriate process.

Accordingly, and having reviewed the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida, Plaintiff's objections, and the remainder of the record, the Court finds and ORDERS that (1) the Report and Recommendation (Dkt. #6) is ADOPTED and (2) Plaintiff's Complaint is DISMISSED with prejudice and this matter is CLOSED.

Dated this 15th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4